1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

STEVEN DEAN WOLFE                    )    No. C 05-4264 MMC (PR)
11                                   )
                   Plaintiff,        )    **ORDER OF SERVICE; DIRECTING**
12                                   )    **DEFENDANTS TO FILE DISPOSITIVE**
        v.                           )    **MOTION OR NOTICE REGARDING**
13                                   )    **SUCH MOTION**
WILLIAM COGBILL; DR. BROWN; L.       )
14   ERSKINE; N. BELOBERK,           )
                                     )
15                 Defendants.       )
_____   )
16
_

17          Plaintiff Steven Dean Wolfe, a California prisoner proceeding pro se, filed the

18   above-titled civil rights action under 42 U.S.C. § 1983 against officials of the Sonoma

19   County Jail, where plaintiff was formerly housed.  By separate order filed concurrently

20   herewith, he has been granted leave to proceed in forma pauperis.

21                                   **DISCUSSION**

22   **A.      Standard of Review**

23          A federal court must conduct a preliminary screening in any case in which a prisoner

24   seeks redress from a governmental entity or officer or employee of a governmental entity.

25   See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

26   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

27   be granted or seek monetary relief from a defendant who is immune from such relief.  See

28   id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim

2    under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right

3    secured by the Constitution or laws of the United States was violated, and (2) that the

4    alleged violation was committed by a person acting under the color of state law.  See West

5    v. Atkins, 487 U.S. 42, 48 (1988).

6    **B.     Legal Claims**

7         The claims set forth in the instant complaint are the same as those alleged in a prior

8    complaint filed by plaintiff in Wolfe v. Cogbill, et al., No. C 04-1808 MMC (PR).  In the

9    prior case, the Court found the complaint stated a cognizable claim for the violation of

10   plaintiff's Eighth Amendment right to adequate medical care; the complaint was served;  and

11   defendants filed a motion for summary judgment.  Thereafter, plaintiff's request for

12   voluntary dismissal of the action without prejudice was granted.

13        Plaintiff alleges that after defendant Dr. Brown, the dentist for the Sonoma County

14   Jail, found plaintiff needed to have an infected wisdom tooth removed by an "outside" oral

15   surgeon, jail officials would not send plaintiff to an oral surgeon unless he paid the costs of

16   the procedure and transportation, in the combined amount of $288.  Plaintiff further alleges

17   that he did not, and does not, have the funds to cover the costs, and that as a result his tooth

18   has not been removed and he remains in pain.

19        In reviewing these allegations in the prior action, the Court found as follows:

20        Deliberate indifference to serious medical needs violates the Eighth
     Amendment's proscription against cruel and unusual punishment.  See Estelle
21   v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050,
     1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc.
22   v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of
     "deliberate indifference" involves an examination of two elements: the
23   seriousness of the prisoner's medical need and the nature of the defendant's
     response to that need.  See McGuckin, 974 F.2d at 1059.  Serious medical
24   needs may include dental and mental health care.  See Hunt v. Dental Dep't,
     865 F.2d 198, 200 (9th Cir. 1989) (holding dental care is important medical
25   need of inmates).  Consequently, deliberate indifference to a serious dental
     need may violate an inmate's Eighth Amendment rights.  See Hallett v.
26   Morgan, 287 F.3d 1193, 1206-07 (9th Cir. 2002); Hunt, 865 F.2d at 200.
          Although payment requirements for prison medical services do not
27   implicate the Eighth Amendment, if a prisoner is denied medical care because
     he is unable to pay the imposed fee, as plaintiff alleges is the case here, such
28   denial may constitute deliberate indifference.  See Shapley v. Nevada Bd. of

2

United States District Court

For the Northern District of California

*State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (dismissing claim based on $3.00 fee for medical visits where plaintiff did not allege denial of treatment based on inability to pay); *see also* Johnson v. Dep't of Public Safety and Correctional Servs., 885 F. Supp. 817, 820 (D. Md. 1995) (finding medical co-payment policy mandating that no one be refused treatment based on inability to pay ordinarily will pass constitutional muster).

Liberally construed, plaintiff's allegations that he was denied necessary medical care because of his inability to pay the fee required by defendant jail officials states a cognizable claim for the violation of plaintiff's Eighth Amendment rights.

For these same reasons, the allegations in the instant complaint state a cognizable claim for relief, and the defendants will be served, as follows.

**CONCLUSION**

1.      The Clerk of Court shall issue summons and the United States Marshall shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Sheriff William Cogbill, Dr. Brown, Lieutenant Officer L. Erskine, and Disability/Grievance Officer N. Beloberk,** at the **Sonoma County Jail.**  The Clerk shall also serve a copy of this order on plaintiff and the Sonoma County Counsel's Office.

2.      In order to expedite the resolution of this case, the Court orders as follows:

a.      No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  Defendants may refile the motion filed in plaintiff's previous case, or they may supplement or augment that motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, including all of the dental records relating to the allegations in the complaint, as well as records of any of plaintiff's financial resources.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on plaintiff.

3

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

c.      Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

d.      The motion shall be deemed submitted as of the date the reply brief is

4

1     due.  No hearing will be held on the motion unless the Court so orders at a later date.

2          3.     All communications by the plaintiff with the Court must be served on

3     defendants, or defendants' counsel once counsel has been designated, by mailing a true copy

4     of the document to defendants or defendants' counsel.

5          4.     Discovery may be taken in accordance with the Federal Rules of Civil

6     Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

7     Rule 16-1 is required before the parties may conduct discovery.

8          5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

9     Court informed of any change of address and must comply with the court's orders in a

10    timely fashion.  Failure to do so may result in the dismissal of this action for failure to

11    prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12         6.     Extensions of time are not favored, though reasonable extensions will be

13    granted.  However, the party making the motion for an extension of time is not relieved

14    from his or her duty to comply with the deadlines set by the Court merely by having made a

15    motion for an extension of time.  The party making the motion must still meet the deadlines

16    set by the Court until an order addressing the motion for an extension of time is received.

17    Any motion for an extension of time must be filed no later than the deadline sought to be

18    extended.

19         IT IS SO ORDERED.

20    DATED: December 20, 2005

21    MAXINE M. CHESNEY
      United States District Judge